IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

JAMES SERRELL,                          §
          Petitioner,                  §
                           §
v.                                      §     Civil Action No. 4:19-CV-325-O
                           §
LORIE DAVIS, Director,                   §
Texas Department of Criminal Justice,   §
Correctional Institutions Division,     §
             Respondent.                 §

## OPINION AND ORDER

Before the Court is a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 filed by Petitioner, James Serrell, a state prisoner confined in the Correctional Institutions Division of the Texas Department of Criminal Justice, against Lorie Davis, director of that division, Respondent. After considering the pleadings and relief sought by Petitioner, the Court has concluded that the petition should be dismissed as time-barred.

## I. BACKGROUND

On May 20, 2016, pursuant to a plea agreement in the Criminal District Court Number Four, Tarrant County, Texas, Case No. 1415264D, Petitioner entered an open plea of guilty to one count of aggravated robbery and true to a repeat-offender allegation in the indictment and was subsequently sentenced to 18 years' confinement. Clerk's R. 47-54, 56, ECF No. 17-7. Petitioner appealed the trial court's judgment of conviction, however the appellate court dismissed the appeal on November 10, 2016, based on Petitioner's plea-agreement waiver of his right to appeal. Mem. Op. 3, ECF No. 19-4. Petitioner did not file a petition for discretionary review in the Texas Court of Criminal Appeals following the dismissal. Resp't's Preliminary Answer, Ex. A, ECF No. 18-1. Petitioner also

challenged the judgment of conviction in a state habeas-corpus application, which was filed on October 20, 2017, and dismissed as noncompliant with the state's form requirements under Texas Rule of Appellate Procedure 73.1.[1] SHR[2] 19 & Action Taken, ECF Nos. 19-15 & 19-15. This federal petition for federal habeas relief was filed on March 20, 2019, in the Dallas division and later transferred to this division.[3]

## II. ISSUES

By way of this petition, Petitioner raises three grounds for habeas relief. Pet. 6-7, ECF No. 3. Respondent asserts that the petition is untimely filed and should be dismissed with prejudice. Resp't's Preliminary Answer 4-7, ECF No. 18.

## III. LEGAL DISCUSSION

Title 28, United States Code, § 2244(d) imposes a one-year statute of limitations on federal petitions for writ of habeas corpus filed by state prisoners. Section 2244(d) provides:

(1) A 1-year period of limitations shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitations period shall run from the latest of–

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created

---

[1] A petitioner's *pro se* state habeas application is deemed filed when placed in the prison mailing system. *Richards v. Thaler*, 710 F.3d 573, 578-79 (5th Cir. 2013). Petitioner's application does not state the date he placed the document in the prison mailing system, however the application was signed and verified by Petitioner on October 20, 2017; thus, the Court deems the application filed on that date.

[2] "SHR" refers to the record of Petitioner's state habeas proceeding in WR-87,673-01.

[3] A petitioner's *pro se* federal habeas petition is also deemed filed when placed in the prison mailing system. *Spotville v. Cain*, 149 F.3d 374, 377 (5th Cir. 1998). Petitioner's petition does not state the date he placed the document in the prison mailing system nor did he sign and date the declaration on page 10 of the document. Thus, he is not given the benefit of the prison mailbox rule as it relates to his federal petition.

by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitations under this subsection.

28 U.S.C. § 2244(d)(1)-(2).

Under subsection (A), applicable to this case, the limitations period begins to run on the date on which the judgment of conviction became final by the expiration of the time for seeking direct review or the expiration of the time for seeking further direct review. *Id.* § 2244(d)(1)(A). For purposes of this provision, Petitioner's judgment of conviction became final on Monday, December 12, 2016,[4] upon expiration of the time that Petitioner had for filing a petition for discretionary review in the Texas Court of Criminal Appeals, triggering limitations, which expired one year later on December 12, 2017. *See* TEX. R. APP. P. 68.2(a); *Roberts v. Cockrell*, 319 F.3d 690, 694 (5th Cir. 2003). Accordingly, Petitioner's federal petition was due on or before December 12, 2017, absent any tolling.

Tolling of the limitations period may be appropriate under the statutory-tolling provision in § 2244(d)(2) and/or as a matter of equity. Petitioner's post-conviction state habeas application was

---

[4]December 10, 2016, was a Saturday.

not "properly filed" and did not toll the one-year statute of limitations. *See Villegas v. Johnson,* 184 F.3d 467, 469 (5th Cir. 1999). Nor does Petitioner assert and demonstrate that equitable tolling would be appropriate. Equitable tolling is permitted only in rare and exceptional circumstances when an extraordinary factor beyond the petitioner's control prevents him from filing in a timely manner or he can prove that he is actually innocent of the crime for which he was convicted. *McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013); *Holland v. Florida*, 560 U.S. 631, 649 (2010). Petitioner does not assert actual innocence of the crime for which he was convicted and does not provide any explanation whatsoever for his delay.

Because Petitioner fails to demonstrate that statutory and/or equitable tolling of the limitations period is appropriate in this case, his federal petition was due on or before December 12, 2017. His petition filed on March 20, 2019, is therefore untimely.

## III. CONCLUSION

For the reasons discussed, Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 is **DISMISSED** as time-barred. Further, pursuant to 28 U.S.C. § 2253(c), for the reasons discussed herein, a certificate of appealability is **DENIED**.

**SO ORDERED** on this 19th day of December, 2019.

_____
Reed O'Connor
**UNITED STATES DISTRICT JUDGE**